UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                    MEMORANDUM AND ORDER
                                                    04-CR-317

     - against –

HUBERT COLEMAN,

              Defendant.
------------------------------------------------------x
GLASSER, Senior United States District Judge:

     Before the Court is petitioner Hubert Coleman's motion pursuant to 28 U.S.C. § 2255, which he filed on June 29, 2016. Coleman petitions the Court to correct his sentence in light of the Supreme Court's decision in <u>United States v. Johnson</u>, 135 S.Ct. 2551 (2015), which held as unconstitutional the so-called "residual clause" of the section of the Armed Career Criminal Act of 1984 ("ACCA") that defines the term "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii). Because Coleman's plea agreement included an enforceable waiver of his right to collaterally challenge his sentence, the motion must be denied.

**I.    Background**

     This is Coleman's second motion under 28 U.S.C. § 2255. This Court denied his first in a Memorandum and Order dated November 15, 2011, familiarity with which is assumed. <u>See</u> <u>Rivera v. United States</u>, 2011 WL 5858089 (E.D.N.Y. Nov. 15, 2011) (Glasser, J.) <u>aff'd</u> 716 F.3d 685 (2d Cir. 2013).

     On March 12, 2004, Coleman was arrested for possessing a .38 caliber revolver in violation of 18 U.S.C. § 922(g). As part of a plea agreement with the United States Attorney's office, Coleman pleaded guilty to that charge on June 29, 2004. In the plea agreement, Coleman

1

waived his right to collaterally challenge his conviction and sentence, so long as the Court sentenced him to 235 months imprisonment or less.[1]

Violations under section 922(g) are punishable by up to 10 years of imprisonment. However, a defendant convicted under section 922(g) who is an armed career criminal faces a minimum of 15 years incarceration under the ACCA. 18 U.S.C. § 924(e). A defendant is an armed career criminal if he has at least three prior convictions for a "violent felony" or "serious drug offense." Id. Prior to his 2004 arrest, Coleman was convicted of three state felonies which are detailed in this Court's previous decision. See Rivera, 2011 WL 5858089. All three crimes occurred within a three month span between January and April 2000, when Coleman was just 17 years old. Coleman's motion turns on the third of these convictions. ECF 42, Def. Motion, p. 5. According to his presentence report, Coleman was arrested on April 23, 2000 after he, along with two other people, struck at least one individual repeatedly, including with a broken bottle. See also ECF 53, Gov't Opp., p. 2 n.3. Coleman pleaded guilty to attempted assault in the first degree under N.Y.P.L. §§ 120.10(1), 120.110. He was sentenced on January 17, 2001 to 42 months incarceration.

Coleman's three state convictions elevated him to armed career criminal status under the ACCA. On June 14, 2005, this Court sentenced Coleman to 15 years imprisonment, the minimum allowable. Coleman now petitions the Court to correct his sentence, arguing that Johnson invalidated the clause of the ACCA that qualified his third state conviction as a violent felony and required the Court to sentence him as an armed career criminal.

---

[1] A copy of the plea agreement is not before the Court. The details of the agreement and waiver are taken from the Government's Memorandum of Law opposing Coleman's motion (ECF 53) and from the transcript of Coleman's plea before Magistrate Judge Pollak. ECF 17.

## II. Coleman Waived His Right to Challenge His Sentence

Coleman waived his right to collaterally challenge his sentence. His waiver is enforceable and requires that the instant motion be dismissed.

As part of his plea agreement, Coleman waived his right to collaterally challenge his sentence, so long as he was sentenced to not more than 235 months. His sentence of 180 months triggered the waiver. "A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." Sanford v. United States, No. 16-1840, 2016 WL 6608944, at *2 (2d Cir. Nov. 9, 2016) (citing cases). Waivers are enforceable even if a subsequent change in the law may benefit the defendant. United States v. Lee, 523 F.3d 104, 107 (2d Cir. 2008). Exceptions to this presumption of enforceability "occupy a very circumscribed area" of jurisprudence.[2] United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000); see also United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011) (noting that waivers are not enforceable if they violate a "fundamental right"). Indeed, in several cases, the Second Circuit has denied § 2255 motions making Johnson claims because of an enforceable waiver similar to the one here. See e.g. Sanford, 2016 WL 6608944 at *2 (citing cases).

The waiver here is enforceable because Coleman waived his rights knowingly and voluntarily. The record indicates that when he pleaded guilty, the Magistrate confirmed that Coleman signed the plea agreement voluntarily, discussed it with his lawyer and understood the rights he was waiving. See generally ECF 17. There is no indication that Coleman was coerced

---

[2] For example, waivers may be unenforceable "when the waiver was not made knowingly, voluntarily, and competently . . . when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases . . . when the government breached the plea agreement . . . or when the sentencing court failed to enunciate any rationale for the defendant's sentence." Gomez-Perez, 215 F.3d at 319.

3

or misunderstood his plea agreement. Because the waiver is enforceable and operative here, Coleman's motion is denied.

### III. Attempted Assault is a Violent Felony Conviction Under the ACCA

Even if the Court were to reach the merits of Coleman's § 2255 motion, the result would be the same because the ACCA's "residual clause" was not the basis for Coleman's sentence as an armed career criminal.

The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another. . .*"

18 U.S.C. § 924(e)(2)(B) (emphasis added). In <u>Johnson</u>, the Supreme Court held that the italicized words above, the so-called "residual clause," were unconstitutionally vague, and therefore violated the Constitution's due process protections. 135 S.Ct. at 2563. However, subsection (i) of the above definition is unaffected by <u>Johnson</u>. <u>Id.</u> (holding that its decision does not affect "the remainder of the [ACCA]'s definition of a violent felony").

Coleman's third state conviction, for attempted assault in the first degree, is a "violent felony" under subsection (i),[3] and qualifies him as an armed career criminal despite <u>Johnson</u>. Under subsection (i), a violent felony includes, by definition, the <u>attempted</u> use of physical force against a person. 18 U.S.C. § 924(e)(2)(B)(i). Therefore, the sole question is whether "use of physical force" is an element of first degree assault. <u>Id.</u> In examining a prior conviction under

---

[3] Coleman's first two convictions, for robbery in the second degree and attempted criminal sale of a controlled substance are similarly unaffected by <u>Johnson</u>, and are not challenged in this motion. ECF 42, Def. Motion, p. 5.

4

the ACCA, this Court takes a categorical approach by evaluating "how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Begay v. United States, 553 U.S. 137, 141 (2008). Coleman was convicted under N.Y.P.L. § 120.10(1), which reads:

> A person is guilty of assault in the first degree when: 1. [w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument. . .

"To (attempt to) cause physical injury by means of a deadly weapon or dangerous instrument is necessarily to (attempt to) use 'physical force,' on any reasonable interpretation of that term. . .'" United States v. Walker, 442 F.3d 787, 788 (2d Cir. 2006) (holding that attempted assault in the second degree under New York law constitutes a violent felony under subsection (i) and the residual clause). Categorically, attempted first degree assault is a "violent felony" under that clause of the ACCA that survives Johnson. Coleman was legally sentenced as an armed career criminal, the reservations this Court has expressed in other respects concerning this case in Rivera, supra, notwithstanding.

## CONCLUSION

Coleman knowingly and voluntarily waived his right to collaterally challenge his sentence under the instant § 2255 motion. That waiver is enforceable, and the motion is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
December 2, 2016

/s/
I. Leo Glasser
Senior United States District Judge

5